PEDLAS, Appellant, vs. GOLBUS and others, Respondents.

*December 10, 1913—March 17, 1914.*

*Garnishment: Requisites of affidavit in tort action.*

An affidavit for garnishment under sec. 2753, Stats., in an action sounding in tort, must state all those things which are required by sec. 2731 to be stated in an affidavit for an attachment in such an action. MARSHALL, J., WINSLOW, C. J., and VINJE, J., dissent.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action sounding in tort against the defendants for an alleged assault and battery and false imprisonment of the plaintiff for damages to the amount of $10,000.

On May 22, 1913, the day this action was commenced, a court commissioner issued an order of arrest and required each of the defendants to furnish $3,000 bail. The defendants furnished the $9,000 bail and deposited the same with the sheriff. On June 14th following, upon application of the defendants, the order of arrest was modified and the bail reduced to $1,000 each. Upon the entry of this order the defendants were each-entitled to recover from the clerk of the court, John H. Laabs, $2,000, or the excess bail furnished on the original order of arrest.

The plaintiff immediately garnished the $6,000 in the hands of John H. Laabs upon the following affidavit:

"State of Wisconsin, &#125;
"Winnebago County, &#125; ss.

"M. H. Eaton, being first duly sworn, deposes and says that he is one of the attorneys for the above named plaintiff, and makes this affidavit as her agent and on her behalf; that a summons has been issued in the above entitled action and served upon each of the above named defendants; that the same is an action to recover damages sounding in tort, exist-

ing in favor of the plaintiff and against all of the defendants, *Nathan Golbus, Mourice Block* and *Nathan Block;* that the damages sustained and claimed exceed the sum of fifty dollars ($50); that the amount of said plaintiff's claim is ten thousand dollars ($10,000) over and above all offsets; that said affiant verily believes that John Laabs is indebted to and has property, real or personal, in his possession and under his control, belonging to the said defendants, *Nathan Golbus, Mourice Block* and *Nathan Block,* and that such indebtedness and property are, to the best of knowledge and belief of this affiant, is not by law exempt from sale, seizure or execution.

"M. H. Eaton.

"Subscribed and sworn to before me this 7th day of June, 1913. A. W. Kirst,

"Notary Public, Winnebago Co., Wis."

The defendants moved to dismiss the garnishment proceedings upon the ground that the affidavit did not comply with the requirements of the statute on garnishment. The issue upon this notice came to trial in the circuit court on July 5, 1913; and on July 14, 1913, the court ordered the garnishment proceedings dismissed for want of jurisdiction. This is an appeal from such order.

For the appellant there was a brief by *Eaton & Eaton,* and oral argument by *M. H. Eaton.*

For the respondents the cause was submitted on the brief of *Earl P. Finch.*

Siebecker, J. The trial court dismissed the garnishment proceeding for want of jurisdiction, holding the affidavit of garnishment as insufficient in that it failed to state that the defendants are not residents of this state or that their residence is unknown and cannot with due diligence be ascertained, or that the defendant is a foreign corporation. Sec. 2753, Stats., provides when a party may proceed by garnishment in circuit court actions and prescribes upon what conditions and in what manner the proceeding may be commenced. It provides: "Either at the time of issuing the sum-

mons or at any time thereafter, before final judgment, in any action to recover damages founded upon contract, express or implied, or in any cause of action mentioned in section 2731, or upon judgment or decree, . . . the plaintiff or some person in his behalf may make an affidavit stating the amount of the plaintiff's claim against the defendant, over and above all offsets, . . ." and that the person sought to be garnished is indebted to defendant or has property in his possession or control belonging to defendant which is not exempt from seizure or sale upon execution. The question is, Must such affidavit for garnishment in causes of action sounding in tort mentioned in sec. 2731, Stats., state all the elements required to be stated in an affidavit for the issuance of a writ of attachment in such causes embraced in sec. 2731? The object under both these sections is to impound the defendant's property and apply it in satisfaction of the demands the plaintiff has against defendant. Garnishment proceeding is, in effect, an attachment of the defendant's effects in the garnishee's possession or control. The authority of a plaintiff to employ this remedy is regulated by these statutes and their conditions must be followed. Reading the two sections of the statutes together, they show an intention by the legislature to give a plaintiff the right of garnishment in the causes of action wherein attachments may issue. It is not particularly stated in the garnishment statute what elements of the attachment statute shall be stated in the garnishment affidavit to entitle plaintiff to institute garnishment proceedings in causes of action mentioned in sec. 2731, Stats. It seems reasonable that it was intended that the right to proceed by garnishment to impound a defendant's property in causes embraced in sec. 2731 was conferred upon the condition that the right to an attachment is conferred, and that such condition must be shown to exist by affidavit before a party can proceed by garnishment in the manner prescribed in sec. 2753. Manifestly a party desiring to proceed by garnishment against a person in an ac-

tion sounding in tort must look to the provisions of sec. 2731 to ascertain the condition upon which such a right is granted. This section provides that if a plaintiff has a claim for damages for a tort against defendant he can proceed if it appears that his claim is in excess of $50, stating the amount, and further that defendants are not residents of this state or their residence is not known nor ascertainable with due diligence, or that defendant is a foreign corporation. It is therefore evident that these last conditions are necessary facts to be shown to entitle the plaintiff to proceed in garnishment against the defendant in a tort action. The proper and necessary way to do this is to allege them in the affidavit for garnishment. These considerations lead us to conclude that the affidavit of garnishment is fatally defective, and that the trial court properly dismissed this proceeding for want of jurisdiction.

*By the Court.*—The order appealed from is affirmed.

WINSLOW, C. J., and VINJE, J., dissent.

MARSHALL, J. (*dissenting*). The trial court assumed that the special circumstances mentioned in sec. 2731, Stats., requisite to use of the attachment remedy to realize on a cause of action sounding in tort, is also necessary to authorize the garnishee remedy in such an action under sec. 2753, Stats.

The latter statute provides that:

"Either at the time of issuing the summons or at any time thereafter, before final judgment, in any action to recover damages founded upon contract, express or implied, or in any cause of action mentioned in section 2731, or upon judgment or decree, . . . the plaintiff or some person in his behalf may make an affidavit stating the amount of the plaintiff's claim against the defendant, over and above all offsets, and stating that he verily believes that some person, naming him, is indebted to or has property, real or personal, in his possession or under his control belonging to the defendant or

either or any of the defendants in the action . . . naming him or them, and that the indebtedness or property men- tioned in such affidavit is, to the best of the knowledge and belief of the person making such affidavit, not by law exempt from seizure or sale upon execution."

The affidavit in this matter fully complied with those requisites. There is nothing in the statute requiring any different statement in the affidavit in case of the cause of action sounding in tort than in case of its being to recover damages on contract. In either, all that is required, as to the cause of action, is a statement of "the amount of the plaintiff's claim against the defendant, over and above all legal setoffs." It is customary to state the nature of the claim, as whether upon contract or sounding in tort, but the statute does not expressly require it.

Appellant having thus literally complied with the requisites as to the affidavit in garnishment, it seemed the circuit court erred in dismissing the proceedings because of want of some further statement therein. The statute provides, specifically, the causes of action in which the garnishee remedy may be used and, just as specifically, what the garnishee affidavit must contain; the latter being the same in one cause of action as another. The reference to causes of action mentioned in sec. 2731, Stats., points to the named causes, first, for an indebtedness exceeding $50 over and above all legal setoffs due upon contract, express or implied, or upon judgment or decree, or second, an action sounding in tort, the damage sustained and claimed exceeding $50. The further statement required to be made in an affidavit for attachment by the letter, as well as the reason of the statute, are not essentials of the cause of action, but of the right to use the attachment remedy. So where it is said in sec. 2753 that the garnishee remedy may be used in any cause of action mentioned in sec. 2731 and specifying just what the affidavit in garnishment shall contain it seems that all one need look to

the latter section is for the nature of the cause of action referred to. The conditions precedent to use of the remedy are wholly found in·sec. 2753.

In my judgment the circuit judge was clearly wrong and the course of the litigation has resulted in a very material judicial usurpation of a legislative function.